SUCCESSION OF PRISCILLA WILSON, Widow of William Lewis, v. DAVID LEWIS

(March 21, 1932. Opinion and Decree.)

Andrew H. Thalheim, of Gretna, attorney for plaintiff, appellant.

Henry C. Huckabee, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. The Gretna Trust & Savings Bank, as dative testamentary executor of the succession of Priscilla Lewis, brought this action to recover from David Lewis the sum of $505.58, alleged to have been illegally withdrawn from the deceased's banking account after her death. There is also a claim that defendant owes the estate rent for occupying a house belonging to the succession.

Article 2 of the petition alleges:

"That after the death of Priscilla Lewis, which occurred on August 4th, 1929, David Lewis, who had custody of a bank book issued by the Gretna Trust and Savings Bank of Gretna, La. in favor of Priscilla Lewis withdrew from said book a total of Five Hundred five and 58/100 ($505.58) Dollars, on the following dates, August 5th, 1929 and September 16th, 1929."

Defendant denied liability, but admitted the allegations of article 2 of the petition and then averred that he had a right to withdraw the funds because he had loaned his mother various sums of money between January 1, 1926, and December 31, 1928, amounting to $936, and that his mother had agreed to place the necessary funds in the Gretna Trust & Savings Bank for the purpose of liquidating the indebtedness; that he took the money because his mother had said, before she died, that the funds belonged to him. He denied that he had occupied the premises in question and that he owed any rent.

There was judgment dismissing the suit and the plaintiff has appealed.

The record shows that Priscilla Lewis died on August 4, 1929, leaving three sons, including the defendant, and a last will and testament in nuncupative form by public act in which she named her son, David Lewis, as testamentary executor, with seizin and without bond. He qualified as executor, but was removed by the court upon a rule taken by George and Willie Lewis, his brothers, in which it was shown that he had failed to take an inventory, as ordered by the court, and had failed to place in the bank certain funds which he had collected belonging to the estate. Willie Lewis was then appointed as dative executor and he, likewise, was later discharged by the court for having failed to perform his duties as executor. The court then appointed the Gretna Trust & Savings Bank as dative testamentary executor.

David Lewis in his testimony first stated that the account from which he withdrew the funds was in his name, but, while still on direct examination, admitted twice that the account was in his mother's name. He and Willie Lewis both testified that David had advanced his mother certain money, but, while David averred in his answer it amounted to $936, in his testimony

he stated it was something in excess of $600.

We experience no difficulty in reaching the conclusion that the money was deposited in the bank to the credit of the mother and was withdrawn after her death. Under our law the executor is charged with the duty of collecting all of the assets of the succession. From David Lewis' testimony and his admissions in his answer, it appears that he was nothing more than a creditor of his mother's estate, and a creditor cannot satisfy his own claim by taking the assets of the succession. Whatever claim David Lewis has against the estate of his mother must be asserted at the time the account is filed, where all claims will be listed according to their respective ranking, preference and priority.

We conclude that the withdrawal of the funds was illegal and that the Gretna Trust & Savings Bank, as dative testamentary executor, has the right to possession of the funds, and whatever rights David Lewis has as a creditor may be asserted against the succession and proved in the regular formal way when the account is filed.

There was also a claim for rent by the executor against David Lewis, but we do not feel that the executor successfully proved that item.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the Gretna Trust & Savings Bank, dative testamentary executor of the succession of Priscilla Lewis, and against the defendant, David Lewis, in the sum of $505.58, with legal interest from October 20, 1930, until paid, defendant to pay all costs of court.